George T. Williams, Receiver, *vs.* Frank W. Clark, impleaded, etc.

July 28, 1891.

Insolvency — Preference — Conveyance Required by Previous Valid Contract.—A conveyance of real estate by an insolvent debtor, which, standing alone, would be void as a preference under our insolvent law, is not thus avoided if it be made pursuant to a prior valid and enforceable contract legally obligating the debtor to make the conveyance.

Same—Evidence—Prior Contract.—In an action to avoid such a conveyance, *held*, that a prior contract for conveyance was admissible as evidence in defence.

Same—Date of Execution of Instrument—Opinion Evidence.—The opinion of a witness as to whether a written instrument had been executed at a recent or remote time, when based only on the appearance of the instrument, is incompetent.

Appeal by defendant Frank W. Clark (impleaded with George W. Clark) from a judgment of the district court for Aitkin county, where the action was tried by *Holland*, J.

*D. L. Bugbee* and *Everett Hammons*, for appellant.

*Hollembaek & Wood*, for respondent.

DICKINSON, J. In January, 1889, in proceedings under our insolvent law, the plaintiff was appointed receiver of the property of George W. Clark, an insolvent debtor. He prosecutes this action to avoid a conveyance of certain real estate made by the insolvent by deed to the defendant Frank W. Clark, December 24, 1888. The only facts alleged as the ground for the relief sought are that the conveyance was made in payment of a pre-existing indebtedness of the grantor to the grantee, evidenced by promissory notes theretofore given, the grantor being insolvent, and the grantee having reasonable cause to believe that such was the case, so that by force of the insolvent law the conveyance constituted an unlawful preference. It is to be taken as a conceded fact that the consideration for the conveyance was a past indebtedness from the grantor to the grantee. Such a conveyance, made within four months prior to the insolvency proceedings, was subject to be avoided by force of the insolvent law, if made for the purpose and under the conditions specified in the law. But the defendants alleged that this conveyance was executed in pursuance of a prior contract for the sale of the land, executed in July, 1888; and at the trial they offered in evidence such a contract, acknowledged on the 18th day of July, by the terms of which, for the expressed consideration of $4,800, the payment of $3,500 of which was acknowledged, the owner became obligated to convey the premises in question, as he did do in December following, by the deed now sought to be avoided. This contract was not recorded, and, objection being made for that reason to its reception in evidence, it was excluded.

We deem it to have been error to exclude proof of this contract. If it was valid, and if the owner of the land became thereby legally obligated to convey the land more than four months prior to the insolvency proceedings, even though it was in consideration of a pre-existing debt, the subsequent conveyance, in performance of the legal

obligation, could not be deemed to be void. The case of the plaintiff did not show, at least it did not conclusively show, that the owner of the land was insolvent, or in contemplation of insolvency, in July, when he became legally obligated, as the ' offered evidence went to show, to convey this land. *Prima facie*, a conveyance in July, or a contract to convey, would have been valid, and not liable to be avoided by the insolvency proceedings more than four months afterwards. It is true that an unrecorded transfer, without change of possession, made with a view of giving a preference, even though it were more than four months prior to the insolvency proceedings, would be void if the vendor was *then* insolvent or in contemplation of insolvency, and if the vendee had then reasonable cause to believe him to be so. But unless such conditions existed the transfer would not be avoided by the operation of the insolvent law. *Chickering* v. *White*, 42 Minn. 457, (44 N. W. Rep. 988.) Upon its face the contract offered in evidence was valid, and if there were any conditions which would avoid it they were not alleged nor shown. The evidence was material, for it would modify the operation of the statute as respects the validity of the deed, which, by the judgment, in this case, was avoided.

Because of the rejection of this evidence a new trial must be allowed. It is hence unnecessary to consider the sufficiency of ·the evidence to sustain the findings of the court.

With a view to another trial, we will add that there was also error in allowing witnesses to give their opinions that certain promissory notes, which purported to have been executed several years before, had been only recently executed. These opinions were based only upon the appearance of the notes when the witnesses saw them, without any knowledge as to the prior appearance or character of the paper or the ink, or as to the place where, or conditions under which, they had been kept. Not only was the information of the witnesses insufficient to justify receiving their opinions in evidence, but we do not understand that the proof was relevant to any issue in the case. No issue of actual fraud other than the preferment of a creditor by an insolvent debtor was presented. The plaintiff asserted and relied upon the fact, concerning which there was no contradiction in the

evidence, that the conveyance was made for a past indebtedness, evidenced by the promissory notes of the insolvent. If the evidence related to the same notes referred to in the complaint, it was not admissible to contradict the fact alleged. If it related to other notes, we do not understand how it was material.

Judgment reversed.