J. COLFAX GRANT v. MINNEAPOLIS BREWING COMPANY.[1]

April 30, 1897.

Nos. 10,042-10,043—(6-7).

**Fraudulent Conveyance—Unlawful Preference.**

> More than 90 days before making an assignment under the insolvency law, the insolvent borrowed a sum of money, and agreed that, if he did not repay it at a certain time, he would secure it by a chattel mortgage on certain personal property. It does not appear that he was then insolvent. Thereafter, and within such 90 days, he executed such mortgage pursuant to said agreement. He was then insolvent, which he and the lender then knew, and the mortgage was given and received for the purpose of giving the lender a preference over the insolvent's other creditors. Thereafter, and before the assignment, the insolvent paid the mortgage. *Held,* such payment was an unlawful preference, and the assignee is entitled to recover back the amount so paid.

**Same—Refunding by Creditor.**

> Within such 90 days, and while so insolvent, said assignor sold certain property, and the purchaser, as part of the purchase price, agreed to pay another antecedent debt due from the assignor to defendant, but has not done so. *Held,* the defendant cannot be required to refund, as an unlawful preference, what he has never received.

Appeal by each party from an order of the district court for Hennepin county, Russell, J., denying his motion for a new trial. The action was by J. Colfax Grant, as assignee of one Schneider, insolvent, against the Minneapolis Brewing Company to recover $2,631.15. Affirmed on both appeals.

*Rea, Hubachek & Healy,* for plaintiff, appellant, and *Welch, Hayne, Hubachek & Conlin,* for plaintiff, respondent.

*Cobb & Wheelwright,* for defendant, appellant and respondent.

CANTY, J. One Schneider, being insolvent, made an assignment on June 27, 1895, under our insolvency law, for the equal benefit of all his creditors who would file releases. The plaintiff, his assignee, brought this action to set aside, as an unlawful preference, certain payments made to defendant, and to recover the amounts so paid. On the trial before the court without a jury, the court granted plaintiff

[1] Reported in 70 N. W. 868.

the relief demanded, as to one item of payment, but denied it as to another. Each party moved for a new trial, and from an order denying the motion appeals to this court.

First, as to defendant's appeal: The court found that on February 8, 1895, Schneider borrowed of defendant $450, for which he executed his promissory note,

"payable to said defendant in one month and twenty days, and then and there agreed with the defendant that if he did not pay the said note at its maturity he would secure the same, and the indebtedness thereby represented, by the execution and delivery of a chattel mortgage upon his saloon furniture and fixtures."

The court further found that on May 17, 1895, said loan was wholly unpaid, and, in pursuance of his said promise to secure the same, said Schneider made to defendant a chattel mortgage on said saloon furniture and fixtures, and defendant received the mortgage pursuant to his said promise. On June 11, 1895, the chattel mortgage was paid by Schneider out of the proceeds of the sale of said mortgaged property. The court further finds that at the time the mortgage was executed, and at the time of the payment of the same, Schneider was insolvent, which defendant at each of said times had reasonable cause to believe, and did in fact know, and that the mortgage was given and received for the purpose of giving defendant a preference over Schneider's other creditors. Judgment was ordered for plaintiff for the amount of such payment. The statute, G. S. 1894, § 4243, authorizes the setting aside of only such unlawful preferences as are given within 90 days before the assignment, except where the instrument giving such preference was not filed, or the possession was not surrendered, before the 90 days; and defendant contends that, as the chattel mortgage was executed pursuant to an agreement made more than 90 days before the assignment, the transaction does not come within the statute, even though the mortgage was in fact given within the 90 days.

In support of this position, counsel cites Williams v. Clark, 47 Minn. 53, 49 N. W. 398. We will not approve or disapprove that case at this time. But following the interpretation given in Chickering v. White, 42 Minn. 457, 44 N. W. 988, to the second clause of section 4243, we are of the opinion that an agreement to give security is not a "security given." within the meaning of that clause; at least, when the agree-

ment to give such security cannot be enforced by specific performance in equity. Especially is this so when the agreement is to give a chattel mortgage, which under the provisions of G. S. 1894, § 4129, is itself absolutely void as to creditors unless, or until, it is filed of record in the proper office. Then, on the facts found, the payment of the $450 by Schneider to defendant was an unlawful preference, under the statute. We are also of the opinion that the evidence supports the findings of the court as to the insolvency of Schneider, the defendant's knowledge thereof, and the intent to give and obtain an unlawful preference at the time the chattel mortgage was executed, all as above stated.

Second, as to plaintiff's appeal: Schneider was indebted to defendant in the further sum of $560, and, when he sold his saloon furniture and fixtures, the purchaser thereof, as part of the purchase price, agreed to pay defendant said sum, but has never done so. Plaintiff sought in this action to recover this sum also of defendant, as an unlawful preference received by it. As to this item, the court found for defendant, and it ought not to require much argument to show that defendant cannot be required to refund what it has never received.

The orders appealed from are both affirmed, and neither party will be allowed statutory costs.